## MISJOINDER OF CROSS-PETITIONERS.

Circuit Court of Cuyahoga County.

FERDINAND JUNGE V. THE GERMAN ROMAN CATHOLIC CENTRAL VEREIN W. & O. FUND ET AL.

Decided, March 28, 1908.

*Pleading—When Several Cross-petitions May Not be Filed.*

Several cross-petitions may not be filed under favor of Section 5008, Revised Statutes, when the only relief demanded therein different from that demanded by the plaintiff in the original petition is a demand for the respective shares of the petitioners in a fund impounded and in course of distribution under order of court.

*L. A. Grossner, Herman Preusser* and *F. J. Wing,* for plaintiff in error.

*M. P. Mooney,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is prosecuted to reverse the judgment of the court of common pleas in sustaining a demurrer to an answer and cross-petition of Ferdinand Junge and many others, filed in the court of common pleas in a cause commenced there by Herman Preusser, for an accounting and distribution of an insurance fund of an incorporated fraternal order, which undertook, in excess of its corporate powers, to transfer said fund, under a contract of re-insurance, to another similar organization, in consideration of the assumption by the latter of the insurance contracts of the former.

A decree for plaintiff in that action was made some time ago and a referee appointed to make an accounting and report upon the plaintiff's claim and other claims filed, and upon rendition of the referee's report, all claimants dissatisfied with the re-insurance arrangement, who had presented claims to be paid their proportionate shares of the fund, were duly awarded and paid the amounts to which they were respectively entitled. Some matters of accounting were referred back to the referee for further report, and meanwhile other claims coming in, a number

of claimants, including the plaintiff in error here, filed their joint answer and cross-petition, praying a general accounting of the fund and demanding their respective shares thereof.

The demurrer to this joint answer and cross-petition is founded upon alleged misjoinder of the cross-petitioners and upon the failure of their cross-petition to state a ground for affirmative relief in the action.

We think there was no error in sustaining this demurrer. True, it is provided by Section 5008, Revised Statutes, that:

"When the question is one of a common or general interest of many persons or when the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

But under Sections 5066, 5069 and 5071, an answer demanding affirmative relief may be interposed by a defendant or defendants against other parties to the action only when a "several judgment" is possible in the action as between the parties so put in opposition. In this case the accounting asked for in the cross-petition under consideration, is precisely the relief which the plaintiff in the original action on behalf of himself and all others, including said cross-petitioners, had already sought and obtained, or was in the course of obtaining. If the filing of the cross-petition considered as the commencement of a cross-petition is warranted in this case, it is surely not because of its reiteration of the demand already made on behalf of the same persons for precisely the same relief. Rather, must the cross-petition stand or fall upon the demand for the respective shares of the cross-petitioners in the insurance fund which has been impounded and partially distributed. This is the only new and affirmative relief prayed for by the answer and cross-petition which was not already covered by the original petition in the case. But these demands of the cross-petitioners are clearly not joint, but several. Each demands to be paid his individual share of the common fund, and the several claimants certainly can not join their several demands in a single cross-petition. The distinction is well illustrated by a comparison of the decision in *Platt, etc.,* v. *Colvin et al,* 50 O. S., 703, upon the one hand, and *Trustees* v. *Thoman et al,* 51 O. S., 285, upon the other.

In the latter case a tax-payer commenced a suit on behalf of himself and other tax-payers against the county treasurer to restrain the collection of a tax alleged to have been illegally levied, and obtained a temporary order restraining the collection of the tax until the final hearing on the merits. Subsequently he filed a supplemental petition, alleging that since the commencement of the suit the injunction being in full force and unmodified—all had been involuntarily compelled to pay the tax by the refusal of the treasurer to receive the taxes from them already due, though tendered, unless they paid the taxes that had been enjoined.

Under these circumstances the court held, with respect to the further prosecution of the action, that:

"A suit can not be maintained by one tax-payer on behalf of himself and others, to recover back taxes, alleged to have been illegally assessed, on the ground that the taxes were involuntarily paid by each. In such case each must bring the action in his own behalf."

It is doubtful whether in view of the representative capacity in which the original plaintiff sued, the court in which the cause is pending should permit its records and files to be encumbered by pleadings of all or any of the other individual claimants, who desire merely to assert their adjudicated equitable title to an undivided portion of the impounded amount. If indeed the litigation should be prolonged in the posture which the cause had assumed when all the original parties were satisfied, so far as their individual claims or differences were concerned, the further distribution of the fund could be much better accomplished by requiring all claimants, upon due notice, to file their claims with the referee, with the privilege to them, if dissatisfied with the referee's decision, to file exceptions thereto, than by permitting the claimants severally or collectively to file pleadings asserting their demands.

If the demand for the liquidation and distribution of the assets in question is such as to justify a court of equity in permitting it to proceed to final conclusion, the cross-petitioners represented by the plaintiff in error here have certainly not been prejudiced by the refusal of the court to permit their pleading

to stand.  If their rights are not properly protected in the referee's report, they can file their exceptions and have the same passed upon and reviewed precisely as if they were expressly made parties and permitted to file pleadings.

Judgment of the court of common pleas affirmed.